DA 08-0394

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 190N

EUGENE F. HUGHES, JR., M.D.,

      Plaintiff and Appellant,

   v.

ST. JAMES COMMUNITY HOSPITAL, INC., a Montana
non-profit corporation, and the MEDICAL STAFF OF ST. JAMES
COMMUNITY HOSPITAL, an unincorporated association,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. CV 01-182
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      James M. Kommers; Kommers Law Firm, P.C.; Bozeman, Montana

      For Appellees:

      Gregory G. Murphy; Moulton, Bellingham, Longo & Mather, P.C.;
Billings, Montana

Submitted on Briefs:  April 29, 2009

Decided:  May 27, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2     This Court has previously reviewed issues related to the actions of Appellant Eugene F. Hughes, M.D., which led to the revocation of his medical privileges at St. James Community Hospital at issue in this case. For the sake of brevity, we will not restate those facts, which can be found at *Hughes v. Pullman*, 2001 MT 216, 306 Mont. 420, 36 P.3d 339 ("*Hughes I*") (affirming the District Court's entry of summary judgment on Hughes' false imprisonment and civil conspiracy claims against members of St. James' Medical Staff); and *Hughes v. Mont. Bd. of Med. Examrs.*, 2003 MT 305, 318 Mont. 181, 80 P.3d 415 ("*Hughes II*") (affirming the District Court's conclusion that the Board did not err by determining that Hughes was not under duress when he signed a stipulation with the Board admitting his actions against the complaining patient were unprofessional).

¶3     In this case, Hughes asserts that his hospital privileges were wrongfully revoked. He alleged seven claims in his complaint based in contract, negligent and intentional tort, defamation, and deprivation of constitutional rights, and sought damages against both St.

2

James and the Medical Staff. The District Court entered summary judgment in favor of the Defendants.

¶4      Hughes argues extensively that the peer review statute, § 37-2-201, MCA, is unconstitutional, both on its face and as applied to him. He offers truncated arguments in support of each of the seven counts of his complaint, asserting the District Court erred by granting summary judgment to the Defendants on those claims. He also argues the District Court erred by reviewing certain documents generated during the peer review process.

¶5      It is unnecessary to address Hughes' arguments challenging the constitutionality of the peer review statute. The District Court noted that Hughes failed to provide the Attorney General with timely notice of his constitutional challenge, *Boettcher v. Mont. Guar. Fund*, 2006 MT 127, ¶ 11, 332 Mont. 279, 140 P.3d 474, and Hughes' conduct was unprofessional as a matter of law and violated the governing bylaws and Ethical and Religious Directives of the Hospital. *Hughes I* and *II*. The Hospital thus possessed discretion to revoke Hughes' staff privileges. *North Valley Hosp. v. Kauffman*, 169 Mont. 70, 544 P.2d 1219 (1976). The Medical Staff acted pursuant to the role provided to it by the bylaws on behalf of the Hospital and not as an unaffiliated association. Hughes was provided notice of the allegations of unprofessional conduct, had an opportunity to be heard, and enjoyed the assistance of counsel. Even though Hughes asserts that the Defendants acted with malicious intent, the Hospital nonetheless had the

3

discretion to remove Hughes from the Medical Staff based upon his stipulation that he acted unprofessionally.

¶6    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7    We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS